# IN THE COURT OF APPEALS OF IOWA

No. 22-0068
Filed March 8, 2023

**KIRK RILEY LEVIN,**
        Petitioner,

**vs.**

**STATE OF IOWA,**
        Respondent.
_____

Petition for writ of certiorari from the Iowa District Court for Sac County, Gary McMinimee, Judge.

Kirk Levin claims his mandatory life sentence is illegal.  **WRIT ANNULLED.**

Shawn Smith of The Smith Law Firm, PC, Ames, for petitioner.

Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney General, for respondent.

Considered by Tabor, P.J., Schumacher, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**GAMBLE, Senior Judge.**

Kirk Levin brought the underlying action as a postconviction-relief claim alleging his mandatory life sentence without parole for murdering his mother when he was twenty-one years old violates his constitutional protection against cruel and unusual punishment. The district court treated his application as a motion to correct an illegal sentence. *See Dorsey v. State*, 975 N.W.2d 356, 360 (Iowa 2022) (recognizing "[w]hen an offender files an application for postconviction relief and complains his sentence is illegal . . . the claim is not a postconviction relief action" and is instead "treated as a motion to correct an illegal sentence" (second alteration in original) (citations and internal quotation marks omitted)). The court then concluded Levin's sentence was not illegal because there is no caselaw supporting Levin's contention that juvenile sentencing procedures should apply to young adult offenders.

Levin appeals. However, "[t]here is no appeal as a matter of right from the denial of a motion to correct an illegal sentence." *Id.* Iowa Rule of Appellate Procedure 6.108 permits us to proceed as though Levin sought the proper form of review by treating his notice of appeal as a petition for writ of certiorari. *See id.* We grant the petition and proceed to the merits. *See id.*

To the extent Levin attempts to challenge the district court's determination that the imposition of a mandatory life sentence without parole on young adults does not violate the state or federal constitutions, he fails. Our supreme court already determined such sentence violated neither constitution's bar against cruel

and unusual punishment when applied to an adult offender younger than him.[1]  *Id.* at 362–63.  So we conclude the district court's ruling was correct.

However, Levin's brief largely pivots away from his original claim to instead argue imposition of a mandatory life sentence without parole on individuals with intellectual disabilities violates the state and federal constitutional prohibitions against cruel and unusual punishment.[2]  He argues we should expand the sentencing scheme used to sentence juveniles to adults with intellectual disabilities and order his resentencing.  Levin's claim fails for two reasons as pointed out by the State.

First, Levin provides nothing to suggest he is a person with an intellectual disability.  He did not present any evidence that he suffers from an intellectual disability to the district court.  And according to a presentence investigation report, following a 2008 arrest, "[t]esting showed he was in the high average range of . . . intellectual functioning."  Nothing suggests Levin's intellectual functioning deteriorated or was impeded in some manner since that time.  So even if individualized sentencing was required for adults with intellectual disabilities, Levin cannot show he would be entitled to individualized sentencing on that basis.

Second, this court has rejected a similar claim already.  In *Horlas v. State*, Horlas "propos[ed] extending the line of cases under the Iowa Constitution that

---

[1] The offender in *Dorsey* was eighteen years and five days old when he committed murder in the first degree.  975 N.W.2d at 358.

[2] Because a challenge to an illegal sentence may be raised at any time, Levin may raise this new claim even now.  *See Dorsey*, 975 N.W.2d at 363.

We note that although Levin asserts his new claim under both the federal and state constitutions, he does not advocate for a different standard under the state constitution.  So we elect to apply the same standard under both constitutions.  *See State v. Bruegger*, 773 N.W.2d 862, 883 (Iowa 2009).

prohibit categorial restrictions on mandatory juvenile sentences to intellectually-disabled adults." No. 19-1344, 2020 WL 5944450, at *2 (Iowa Ct. App. Oct. 7, 2020). We concluded no Iowa caselaw supported his position. *Id.* Like Levin, Horlas also proposed *Atkins v. Virginia*, 536 U.S. 304, 318–20 (2002), which found the imposition of the death penalty on intellectually disabled individuals to be unconstitutional, should be expanded to prohibit mandatory life sentences for those who are intellectually disabled. 2020 WL 5944450, at *1–2. We rejected this contention as well. *Id.* (citing *State v. Tuecke*, No. 15-0617, 2016 WL 1681524, at *8 (Iowa Ct. App. Apr. 27, 2016) (recognizing a variety of jurisdictions have limited application of *Atkins* to only death penalty cases)). Levin provides no compelling reason for us to deviate from *Horlas*.

We conclude Levin's sentence is not illegal and Levin is not entitled to resentencing.

**WRIT ANNULLED.**